**Rex JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42684.

Court of Criminal Appeals of Texas.

April 22, 1970.

Rehearing Denied June 10, 1970.

Edward Miller, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, Charles Yett, Scott Bradley and James Mills, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the punishment, fifty years.

The record reflects that James Arthur Johnson and the appellant, Rex Johnson, took some $240.00 from Rose Phillips by exhibiting a gun. Rose Phillips testified that James Arthur Johnson entered the "In and Out" Grocery in Oak Cliff where

she was employed at approximately six o'clock in the afternoon and asked if the store handled distilled water, looked around and then left. Some two hours later, James Arthur Johnson and appellant entered the store. James Arthur Johnson drew a gun and forced her to open the cash register, and he took the money and both of the men left.

James Hamilton, a thirteen-year-old boy who also worked at the store, testified to the same facts, and he, as well as Rose Phillips, made a positive in-court identification of the two men as the robbers.

Neither the appellant nor James Arthur Johnson testified.

■ In the first ground of error, it is contended that reversible error was committed in the overruling of a motion for mistrial after the prosecutor made the following statement:

"If the Court please, we have additional witnesses who are present in the courtroom, but in the interest of time, ladies and gentlemen, we will rest our case in chief right now."

The court instructed the jury not to consider the statement but overruled the motion for mistrial.

Appellant cites Palmer v. State, 148 Tex. Cr.R. 39, 184 S.W.2d 471, where the prosecutor stated in his argument: "Gentlemen of the Jury: The witnesses, Alice and another musician were here, present at the last term of court, and I know what both will testify, and I am not afraid to put them on the witness-stand." This Court reversed the conviction because of the improper comment, and noted that the State relied entirely upon circumstantial evidence, and there were grave doubts as to the sufficiency of the evidence to sustain the conviction for the offense of murder. The Court also noted that this statement of the prosecutor impliedly contradicted the testimony of Palmer as to how he got blood on his clothes. On motion for rehearing, the Court stated:

"* * * It follows that the same argument under certain circumstances would not be improper, or might be withdrawn, whereas, under other circumstances a contrary rule would obtain. * * *"

Spriggs v. State, 160 Tex.Cr.R. 188, 268 S.W.2d 191, is also relied upon by appellant. There the prosecutor, in his argument, implied that he had a written statement, not in evidence, from a witness the State used in the trial and that such statement "substantially stating what he stated on the stand." The trial court informed counsel he was outside the record, but overruled the objection and refused to instruct the jury not to consider the same. There was also jury misconduct in the Spriggs case.

In the present case there was no contradiction of appellant's testimony. This is a case of direct testimony and not of weak circumstantial evidence as in the Palmer case. Here, the statement of the prosecutor referred to no particular fact that might be proved by any of the witnesses. There was no bolstering of the witness as in the Spriggs case.

In the present case, the statement should not have been made, but in view of the action of the court in instructing the jury not to consider such statement, no reversible error has been shown.

Appellant next contends that the evidence is insufficient to support the conviction, because there were inconsistencies in the testimony of the witnesses Phillips and Hamilton, especially in regard to lineup identification of appellant and his brother. These inconsistencies are not pointed out in the brief and no authority has been cited. The testimony of the two eyewitnesses is sufficient to sustain the conviction.

■ Assuming there were inconsistencies in their testimony, no error is shown. Con-

tradictions or inconsistencies in the testimony between witnesses does not destroy, but only affects the weight to be given, their testimony. Tice v. State, Tex.Cr.App., 425 S.W.2d 824; Hilliard v. State, 170 Tex.Cr.R. 290, 340 S.W.2d 494.

The second ground of error is overruled.

The judgment is affirmed.