**Louis CHAPA, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 29501

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 7, 1970.

Louis Chapa, pro se.

Crawford C. Martin, Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

█ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing.

This appeal is taken from an order of the district court denying the petition of a Texas state convict for the writ of habeas corpus. We affirm.

Appellant, represented by two privately retained counsel, was convicted upon trial by jury of murder with malice and sentenced on April 15, 1966, to ninety nine years imprisonment. No direct appeal was taken. Appellant sought habeas corpus relief in the state trial court pursuant to Article 11.07, Texas Code of Criminal Procedure. He alleged as grounds for relief that (1) trial counsel was ineffective and inadequate; (2) counsel refused to subpoena witnesses; (3) counsel failed to subpoena witnesses to support his plea of insanity; and (4) he was not informed of his right to appeal.

After holding an evidentiary hearing the state court denied relief finding that (1) counsel was effective; (2) counsel did not refuse to subpoena witnesses; (3) counsel did not refuse to subpoena witnesses to support a defense of insanity; and (4) appellant was informed of his right to appeal.

Appellant then sought habeas corpus relief in federal court, which denied relief. The court below found that appellant had been given a full and fair hearing in the state court and adopted the findings and conclusions of that court.

█ A review of the record, which includes a transcript of the state hearing,

reveals no clear error in the findings of the state court as adopted by the court below. There was no evidence offered by appellant that counsel was ineffective. There is no dispute as to the fact that appellant shot and killed his wife. Counsel testified that their only possible defense was insanity, but that there was no medical support for this defense. At the hearing, the doctor who treated appellant during the time prior to the crime testified that appellant only had the mild nervous tensions of daily living and knew right from wrong. The record reveals that counsel did call witnesses for the defense. Counsel also testified that appellant was informed of his right to appeal his conviction, but that he advised appellant not to do so.

Our review of the record reveals no clear error in the district court's findings of fact (Rule 52(a) F.R.Civ.P.) and its application of the law.

The judgment of the District Court is affirmed. 28 U.S.C.A. § 2254.

Affirmed.