**James G. HACHEY, Jr., Petitioner,**

**v.**

**STATE OF MAINE et al., Respondents.**

**Misc. No. 534.**

United States Court of Appeals,
First Circuit.

Submitted Dec. 29, 1971.

Decided Jan. 11, 1972.

James G. Hachey, Jr., pro se, on application for certificate of probable cause and brief in support thereof.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Hachey, who is serving a term for murder committed in the course of a robbery, following an unsuccessful appeal to the Maine Supreme Judicial Court petitioned for a writ of habeas corpus in the district court. His petition having been dismissed, and a certificate of probable cause for appeal refused, he seeks such a certificate here.

■■ The petitioner alleges fourteen grounds, many, if not all, in conclusory terms. Some of these, even if fully proved, would establish no invasion of constitutional rights. Among these are that the arrest was illegal; that the petitioner was sent to the state hospital for a mental examination prior to being informed of his rights; that the indictment was defective in form. In addition, the district court, upon examination of the record, which we have confirmed, found that many of the present complaints were never made in the Maine Court. It is clear just what

claims were made, since the record contains a copy of the petitioner's designation of points on appeal. Petitioner seeks to meet this defect by asserting that "he tried in vain" to raise these points. Even if this be so (and we note from the opinion of the Maine Court that petitioner was assisted by counsel in connection with his appeal), this does not excuse his failure to seek postconviction relief in the state court in order to demonstrate that fact, and to establish the validity of the grounds if, indeed, they were valid.

The district court in its opinion, following examination of the record, concluded that of the fourteen points asserted in the petition, three were of constitutional dimension and had been properly raised in the state court, so that his remedy with respect thereto was properly exhausted. The district court found and ruled upon a detailed examination of the transcript that there was no merit as to these points.

■ It is difficult not to be prejudiced against a party seeking a writ of habeas corpus whose petition alleges so many grounds that are worthless on their face. However, we place that aside. On the other hand, as we have stated many times, we are not receptive to generalized conclusions, which suggest that petitioner was more moved by hope and a layman's exposure to general legal principles than to the facts in his case. No detail, amplification or explanation of the conceivably appropriate grounds for appeal is to be found in the papers prepared by him, or in memoranda filed in the district court, or, in accordance with our Local Rule 11, in this court. The opinion of the Maine court passing upon these possibly constitutional matters, and which are, accordingly, before us, notably whether there was any evidence to support the conviction, and the legality of the search and seizure, is, on the other hand, full and persuasive. State of Maine v. Hachey, Me. 1971, 278 A.2d 397. We see no possible basis for the certificate. It is denied.