**John S. SIWAKOWSKI, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–2707**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1972.

**John S. SIWAKOWSKI, Petitioner-Appellant,**

v.

John S. Siwakowski, pro se.

Crawford C. Martin, Atty. Gen., of Tex., Gilbert J. Pena, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

ported by substantial evidence on the record * * * as a whole'." 340 U.S. at 508, 71 S.Ct. at 472; 380 U.S. at 362, 85 S.Ct. at 1014.

\* ▮ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

This appeal is taken from the district court's denial of habeas corpus relief to John Stanley Siwakowski, a prisoner of the State of Texas. We affirm the ruling below.

The appellant contends that there are constitutional infirmities in his conviction for robbery by assault. Following trial by jury in Criminal District Court No. Two of Dallas County, Texas, Siwakowski was sentenced to serve 99 years as set by the jury. The judgment was affirmed upon direct appeal. Siwakowski v. State, Tex.Cr.App.1965, 387 S.W. 2d 669.

The appellant has exhausted his available state post-conviction remedies as required by the provisions of 28 U.S.C. § 2254(b). The state trial court granted the appellant an evidentiary hearing on the merits of his contentions, at which he testified, represented by court-appointed counsel. Following the hearing the court rendered findings of fact and conclusions of law. In conformity with Art. 11.07, Vernon's Ann.Tex.C.Cr.P., these were transmitted to the Texas Court of Criminal Appeals; and that court denied habeas relief unto the appellant without written opinion. The grounds presented in those proceedings were the same ones alleged in the appellant's federal habeas petition.

The appellant contends that he was denied these rights:

1. to be taken before a magistrate and advised of his rights;

2. presence of counsel during his interrogation;

3. paraffin test made to determine if he had recently fired a pistol; and ballistic tests on bullets fired

by the robbers at the scene of the crime;

4. a preliminary examining trial;

5. compulsory process for obtaining testimony of several defense witnesses.

 As the district court held, grounds one and two lack merit because no confession or other evidence was obtained from the appellant then. Contention number three, concerning the tests, was ruled on adversely to appellant in his previous federal habeas petition, relative to which we denied a certificate of probable cause to appeal and the Supreme Court denied certiorari. 393 U.S. 882. Of course, the state had no duty to make those tests, such as would be enforceable by federal habeas corpus.

Fourth, the appellant complains because his case was presented directly to the grand jury without a preliminary examining trial. At the state habeas hearing it was stipulated that Siwakowski made no application for an examining trial prior to being indicted; and that counsel was not appointed to advise him of his right to an examining trial. As we have had previously, it is constitutionally permissible to refer a case directly to the grand jury without an examining trial. Woods v. State of Texas, 5th Cir.1968, 404 F.2d 332; Murphy v. Beto, 5th Cir.1969, 416 F.2d 98; United States v. Coley, 5th Cir.1971, 441 F.2d 1299, cert. denied 404 U.S. 867, 92 S.Ct. 85, 30 L.Ed.2d 111. That is what was done in the case *sub judice*.

Finally, the appellant contends that he was denied compulsory process for obtaining testimony of several defense witnesses, due to alleged dereliction of his court-appointed counsel. At the state habeas hearing, both the appellant and the attorney testified. The district court found that counsel had made diligent efforts to locate all witnesses whose names were given him by the appellant; and that there was no evidence that any witness was not called whose testimony would have been helpful to the defense. Our reading of the state habeas hearing transcript convinces us that these findings are not "clearly erroneous." See Rule 52(a), F.R.Civ.P.; Chapa v. Beto, 5th Cir.1970, 428 F.2d 1215; Heath v. Wainwright, 5th Cir. 1969, 408 F.2d 1020.

We have found no error in the final order of the district court denying habeas corpus relief to the appellant, and therefore it will be affirmed.

Affirmed.