Rex JOHNSON, Jr., Petitioner-Appellant,

v.

Dr. George J. BETO, Respondent-Appellee.

No. 72–1875

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1972.

Rex Johnson, Jr., pro se.

Crawford Martin, Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Texas state prisoner for the writ of habeas corpus. We affirm.

Appellant was convicted upon trial by jury of robbery by assault, and was sentenced to fifty years imprisonment on April 12, 1967. The conviction was affirmed on direct appeal. Johnson v. State of Texas, Tex.Cr.App.1970, 454 S.W.2d 205.

Appellant filed a petition for the writ of habeas corpus in the state trial court. An evidentiary hearing was held and findings of fact were certified to the Court of Criminal Appeals, which denied relief.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part 1.

Appellant then filed his habeas petition in the court below alleging, as he did in the state court, that he was arrested without probable cause, that he was without counsel during interrogation and at a line-up, and that trial counsel was ineffective. The district court denied the petition, making independent findings of fact from the state record and transcripts of the trial and habeas hearing. The court below found that no evidence was obtained from appellant and used against him as a result of his alleged illegal arrest; that no evidence was obtained or used against him as a result of his interrogation; that his line-up and trial took place before the Supreme Court issued its decision in United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149, which is not retroactively applied, Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; and that the record is devoid of any evidence that counsel was ineffective.

Our review of the transcripts reveals no clear error in the findings of the district court. Even if, arguendo, appellant's arrest was illegal, since no evidence or statement was taken from him, he has no grounds for relief. *See* Green v. United States, 5 Cir.1972, 460 F.2d 317; Davis v. United States, 5 Cir. 1970, 424 F.2d 1061, cert. denied 1970, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48; Abraham v. Wainwright, 5 Cir. 1969, 407 F.2d 826. Similarly he was not prejudiced by the lack of counsel during interrogation. *See* Siwakowski v. Beto, 5 Cir.1972, 455 F.2d 915. Since appellant's trial concluded prior to the promulgation of the *Wade* decision, the district court properly denied relief on that issue. Finally, the trial transcript reveals that counsel vigorously and ably defended the appellant in the face of very strong evidence of guilt. Appellant has not alleged pertinent facts nor did he come forth with pertinent evidence to establish that counsel lacked the minimum standard of competence to render reasonable effective assistance. Moore v. Beto, 5 Cir.1972, 458

F.2d 386; Cappetta v. Wainwright, 5 Cir.1970, 433 F.2d 1027; Foster v. Beto, 5 Cir.1969, 412 F.2d 892.

There being no clear error in the findings of the district court and no error in its application of the law, the judgment below is affirmed.

Affirmed.