**Hollis JORDAN, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 72-2995.**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Charles C. Carsner, Jr., Victoria, Tex., Court-appointed, for petitioner-appellant.

Crawford Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Hollis Jordan, a Texas prisoner in the respondent-appellee Dr. Beto's custody by virtue of a state court conviction in De Witt County, Texas for passing a forged instrument as true, was denied habeas corpus relief by the district court below.

Prior to applying to the court below Jordan exhausted state remedies available to him when he unsuccessfully sought habeas relief from his Texas trial court and from the Texas Court of Criminal Appeals. Relief was denied by the state courts without a hearing.[1] Sensitive to the requirements of Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, the lower court afforded Jordan a full evidentiary hearing. This appeal was taken from the denial below of habeas relief. We affirm.

Of the seven complaints asserted below against the constitutionality of his

1. The state trial court did review the record of petitioner's trial and made findings against him.

state court conviction, three are presented to us. We discuss them briefly.

■ The first contention is that appellant was never arrested for the offense for which he was convicted. The record shows that he was in custody in another Texas county when the warrant was issued for this offense, either awaiting trial or serving time. No prejudice is alleged as a result of the failure to serve the arrest warrant upon him if this is what occurred. The point is without merit. Siwakowski v. Beto, 5 Cir.1972, 455 F.2d 915; Gamez v. Beto, 5 Cir.1969, 406 F.2d 1000. Argument is also advanced as to Texas authorities' failure to take petitioner promptly before a magistrate after arrest as directed by Art. 14.06, Vernon's Ann.Tex. Code of Criminal Procedure. It is difficult to understand the statute's application without an arrest. If an arrest did occur, again no prejudice is alleged. In any case the deviation from Texas law in this respect does not rise to federal constitutional proportions. Culombe v. Connecticut, 1961, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037; Gallegos v. Nebraska, 1951, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86; Siwakowski v. Beto, supra; Gamez v. Beto, supra; Scarbrough v. Dutton, 5 Cir.1968, 393 F.2d 6.

■ Complaint is next made that Jordan was denied a speedy trial in that the offense alleged occurred July 3, 1967, he was not indicted until January 1969, and was not tried until April 1970. The petitioner was serving time imposed in another case during the pre-indictment delay. Indictment was delayed by the prosecuting attorney at Jordan's request to permit restitution and possible probation as to the instant offense and several others. No request was ever made for speedy trial. Even after indictment

Jordan was still incarcerated for a separate offense. There is no contention that prejudice or other adverse effect resulted from the one year's delay between indictment and trial. This contention fails under the standards laid down in Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; United States v. Marion, 1971, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; Dickey v. Florida, 1970, 398 U.S. 30, 90 S. Ct. 1564, 26 L.Ed.2d 26; and Smith v. Hooey, 1949, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 609. See further United States v. Lane, 5 Cir. 1972, 465 F.2d 408; United States v. Judice, 5 Cir. 1972, 457 F.2d 414 (on pet. for rehearing).

■■ Finally it is urged that the petitioner was denied his constitutional right to bail because he was never taken before a magistrate and informed of the accusation or afforded an opportunity to make bail. This contention is refuted by the record before the court below. As pointed out earlier, Jordan was in custody for another offense. He was given a copy of the warrant of arrest with the amount of bail bond required, $5,000, endorsed on the warrant. He never sought to make this bail or to have it reduced. There was no showing that bail in any lesser amount would have ensured his presence for trial nor that he could make a lower bail. He had $50.00 on deposit with prison authorities and no other assets were shown. It was too late after conviction to complain about deficiencies in bail bond requirements for trial. No federal constitutional question is raised by the facts shown here.

The judgment appealed from is

Affirmed.