Salvador G. BARRERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 45739.

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Rehearing Denied April 11, 1973.

Gerald Calhoun, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and George M. Karam, Asst. Dist. Attys., Houston, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: heroin. Punishment was assessed by the jury at life.

The evidence shows that D. B. Sheetz, a plain clothes Houston Police Officer assigned to the Narcotics Division, purchased heroin from appellant on December 2, 1970, in the 3500 block of Irvington Boulevard in Houston. The officer initialed the package containing the heroin and identified it at the trial.

Officer Sheetz testified that the purchase from appellant was the only heroin purchase he made that day. Another witness testified that his records show that the officer made another purchase on that day. Appellant's first ground of error asserts that this "conflicting testimony on contraband was contrary to law and evidence." He argues that the evidence introduced could have been from the other purchase.

■ Herein, the officer made positive identification of the exhibit so there does not appear to be a conflict. But even if there were, the jury could very well have accepted the officer's testimony and not that of the other witnesses. The jury may accept or reject the testimony of any witness in whole or in part. Washington v. State, Tex.Cr.App., 442 S.W.2d 395; Hilliard v. State, 170 Tex.Cr.R. 290, 340 S.W.2d 494; Barry v. State, 165 Tex.Cr.R. 204, 305 S.W.2d 580, cert. denied, 355 U.S. 851, 78 S.Ct. 71, 2 L.Ed.2d 56.

■ Next, appellant argues that, due to conflicting testimony as to the chain of custody of the heroin, he was entitled to a charge on circumstantial evidence. This contention is without merit for several reasons. There was no objection to the charge for failure to charge on the law of circumstantial evidence. See Article 36.14, Vernon's Ann.C.C.P.; Hill v. State, Tex. Cr.App., 466 S.W.2d 791. No requested charge was submitted on the issue. Article 36.15, V.A.C.C.P.; Hill v. State, supra. Even if there had been an objection and request, such would not constitute error under the facts in this case. The officer testified: "This is the same packet I received (from appellant) that day . . . containing the alleged heroin." Therefore, the direct evidence alone removed the issue of circumstantial evidence. Cazares v. State, Tex.Cr.App., 488 S.W.2d 110; Aguilar v. State, Tex.Cr.App., 468 S.W.2d 75; Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952.

■ Appellant also complains of the admission in evidence of an extraneous offense. The record shows that appellant, while testifying in his own behalf at the punishment stage of the trial, stated on direct examination that he had never seen Officer Sheetz before in his life. Then, on cross-examination the following is reflected:

"Q. You stated that you never did see Officer Sheetz. You didn't see him on the 2nd of December, 1970?

A. No.

Q. It is true, isn't it, that you also saw him on the 18th day of Nevember, 1970 when you sold him heroin?

A. No."

An objection was overruled.

The officer was recalled as a witness and testified concerning the purchase of heroin from appellant on November 18, 1970. Such evidence was admissible. The door was opened by appellant's denial that he had ever seen the officer before. The proof that appellant had on these two occa-

 

sions seen the officer and sold him heroin was admissible for impeachment after appellant denied ever having seen him before. Davis v. State, Tex.Cr.App., 478 S.W.2d 958; Heartfield v. State, Tex.Cr.App., 470 S.W.2d 895.

■■ Finally, complaint is made about the prosecutor's jury argument. During the argument a statement was made that a grand jury found that there "is enough here that a jury should pass on that." An objection was sustained and the jury was instructed to disregard the statement. Hence, the error, if any, was cured. Cazares v. State, supra; Haywood v. State, Tex.Cr.App., 482 S.W.2d 855; Alexander v. State, Tex.Cr.App., 479 S.W.2d 44. Further, complaint is made that the prosecutor asked the jury to return a verdict of life. This was a plea for law enforcement and was not improper. Minafee v. State, Tex.Cr.App., 482 S.W.2d 273.

There being no reversible error, the judgment is affirmed.