Horace Greely **ROUNDTREE**, Petitioner,

v.

W. M. **RIDDLE**, Superintendent Virginia State Penitentiary, Respondent.

Civ. A. No. 76–0036(L).

United States District Court,
W. D. Virginia,
Lynchburg Division.

July 28, 1976.

Horace Greely Roundtree, pro se.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is presently being detained as a result of convictions of possession of heroin and possession of marijuana rendered on October 17, 1974 in the Circuit Court of the City of Lynchburg. Petitioner was sentenced to ten years in the Virginia State Penitentiary on the heroin charge, and twelve months in jail and a fine of $100 on the marijuana charge. He subsequently appealed these convictions to the Supreme Court of Virginia which on June 3, 1975 denied and dismissed his writ of error. He then filed a petition in the United States Supreme Court for a writ of certiorari, but on November 17, 1975 this petition was denied. Contemporaneously, he filed a petition for a writ of habeas corpus in the Circuit Court of the City of Lynchburg which petition was dismissed on November 3, 1975 on grounds that the matters raised there could have been raised on direct appeal. There being no question that petitioner has exhausted his state remedies, this court will now move to the merits of petitioner's contentions.

Petitioner appears to be making the following allegations in his *pro se* complaint:

1) He was arrested without a warrant and without probable cause.

2) He was convicted with the use of evidence obtained pursuant to an unconstitutional search and seizure.

3) He was convicted with evidence obtained pursuant to an unlawful arrest.

The initial question to be resolved by this court is whether, in light of the recent Supreme Court decision in *Stone v. Powell*, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d —— (1976), this court may address any of petitioner's contentions in a federal habeas corpus proceeding.

In *Stone v. Powell*, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d —— (1976), the Supreme Court ruled that where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained through an unconstitutional search and seizure was introduced at his trial. Clearly, this holding forecloses petitioner's second enumerated grounds for relief. Moreover, an illegal arrest is, in itself, no

grounds for habeas corpus relief, unless the defendant was denied a fair trial by the introduction of evidence or a statement that was a product of this illegal arrest. *Johnson v. Beto*, 466 F.2d 528 (5th Cir. 1972), *cert. denied*, 410 U.S. 945, 93 S.Ct. 1395, 35 L.Ed.2d 612 (1972), *Hachey v. State of Maine*, 453 F.2d 369 (1st Cir. 1972).

 Thus the only remaining potential avenue for relief is petitioner's third enumerated grounds. Under the logic of *Johnson v. Beto, supra,* and *Hachey v. State of Maine, supra,* petitioner would be able to attack his arrest as resulting in an illegal search and seizure. *Stone v. Powell, supra,* has apparently altered this reasoning though since a search and seizure that is the bi-product of an illegal arrest is shielded by the Fourth Amendment, see *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), *U. S. v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) and *Stone* precludes Fourth Amendment claims from being raised here. An interesting corollary of this case then is that a petitioner can challenge in a habeas corpus proceeding a confession resulting from an illegal arrest, but cannot challenge a search and seizure resulting from the same. Nevertheless, since petitioner's third enumerated claim is rooted in the Fourth Amendment, it cannot be raised in this proceeding under *Stone v. Powell, supra.*

Accordingly, this court finds that petitioner's enumerated contentions may not be addressed in a federal habeas corpus proceeding. Thus respondent's motion to dismiss is granted and judgment is herein entered for respondent.

The clerk is requested to certify a copy of this opinion to petitioner and counsel for respondent.