933 F.2d 1001
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arbie PERDUE, Plaintiff-Appellant,
v.
Sidney H. BELL, Assistant Prosecutor, Earl Yeager, Sheriff,
J.J. Miller, Trooper, Ron Blevins, Sheriff's Department, V.
Walker, Sheriff's Department, Janet Murphy, Sheriff's
Department, all under the color of law, Defendants-Appellees.
 No. 89-6661.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1991.
Decided May 21, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Charles H. Haden II, Chief District Judge. (CA-89-171-1)
 Edwin Norris Wilmot, Eliades & Eliades, Hopewell, Va., for appellant;
 Donald Pitts, Shady Spring, W.Va. (Argued), for appellees; Sarah N. Hall, Prosecuting Attorney, Welch, W.Va., on brief.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and W. EARL BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Arbie Perdue filed this civil rights action pro se and pursuant to 42 U.S.C. Sec. 1983, alleging that he was unlawfully arrested while free on bond. He appeals from the district court's dismissal of his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 2
 Perdue alleges that he was convicted of first degree murder in 1986 in a West Virginia state court. He appealed the conviction to the Supreme Court of West Virginia, and was released on a $50,000 bond pending disposition of the appeal.
 
 
 3
 On 19 July 1988, after Perdue had been free on bond for two years, he learned that Trooper J.J. Miller had been to his house looking for him. Perdue telephoned the trooper, who informed him that Sidney Bell, assistant prosecutor of McDowell County, West Virginia, had instructed him to arrest Perdue. Perdue and his wife then drove to the McDowell County Sheriff's Department, where he was arrested while sitting in his car. Perdue alleges that he asked the arresting officers if they had a warrant, and was told that a warrant was not needed.
 
 
 4
 Perdue later learned from the clerk of the West Virginia Supreme Court that his conviction had been affirmed. According to Perdue, the clerk told him that the officers had no authority to arrest him until they received a certified order releasing jurisdiction to McDowell County. Perdue also alleges that he was entitled to a bond forfeiture hearing, at which he could have requested time to put his affairs in order.
 
 
 5
 The complaint in this action alleges that Perdue's arrest on 19 July 1988 was unlawful because the arresting officers had neither a warrant nor a certified order releasing jurisdiction to the local authorities. Relying on Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982), the district court reasoned that Perdue was required to exhaust his state remedies before filing a Sec. 1983 claim challenging the legality of his arrest. Because there was no indication that Perdue had exhausted this claim, the court dismissed the complaint as frivolous.
 
 
 6
 Dismissals under Sec. 1915(d) are proper only when the complaint lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989). A complaint may be sufficient to avoid dismissal under Sec. 1915(d) even if it fails to state a claim for purposes of Fed.R.Civ.P. 12(b)(6). Id.
 
 
 7
 In Hamlin v. Warren, supra, this court held that a petitioner who challenges the fact or duration of his confinement under Sec. 1983 must first exhaust his state remedies in accord with 28 U.S.C. Sec. 2254. See also Traverso v. Penn, 874 F.2d 209 (4th Cir.1989). In this situation, the Sec. 1983 claim is treated as "an indirect habeas corpus challenge to the criminal conviction...." Traverso v. Penn, 874 F.2d 209, 212. However, Sec. 1983 claims which do not implicate the fact or duration of confinement need not be exhausted. Patsy v. Board of Regents, 457 U.S. 496 (1982).
 
 
 8
 An illegal arrest involves constitutional deprivations which can be challenged through Sec. 1983. See, e.g., Sevigny v. Dicksey, 846 F.2d 953 (4th Cir.1988). However, an illegal arrest is grounds for habeas relief only when the petitioner can demonstrate that it deprived him of a fair trial. Crowell v. Zahradnick, 571 F.2d 1257, 1259, n. 3 (4th Cir.1977), cert. denied, 439 U.S. 956 (1978); Johnson v. Beto, 466 F.2d 528 (5th Cir.1972), cert. denied, 410 U.S. 945 (1973); Roundtree v. Riddle, 417 F.Supp. 1274 (W.D.Va.1976).
 
 
 9
 Perdue is in the unusual position of alleging an illegal arrest which took place after his trial. It follows that there is no possibility that the arrest, even if illegal, worked to deprive him of a fair trial. Accordingly, he cannot challenge his arrest through a writ of habeas corpus, and is not required to exhaust his state remedies. Crowell, supra. Because Perdue's claims have an arguable basis both in fact and in law, it was an abuse of the trial court's discretion to dismiss the complaint under Sec. 1915(d). See White v. White, 886 F.2d 721 (4th Cir.1989).
 
 
 10
 Accordingly, the judgment of the district court is vacated and this action is remanded for further proceedings consistent with this opinion.
 
 
 11
 VACATED AND REMANDED.