963 F.2d 366
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eugene TRUNDY, Plaintiff, Appellant,
v.
Martin MAGNUSSON, Defendant, Appellee.
 No. 92-1063.
 United States Court of Appeals,
First Circuit.
 June 4, 1992
 
 Appeal from the United States District Court for the District of Maine
 Eugene Trundy pro se on Application for Certificate of Probable Cause.
 D.Me.
 Appeal Dismissed.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Petitioner Eugene Trundy was convicted upon pleading nolo contendere to four counts of unlawful sexual contact with minor children. He was sentenced to the maximum possible; twenty years. After pursuing an unsuccessful appeal of this sentence and a similarly unsuccessful petition for postconviction relief, Trundy filed a petition for a writ of habeas corpus in federal court. The district court dismissed the petition and denied the writ. Trundy seeks to appeal this decision. However, the district court declined to issue a certificate of probable cause. We thus treat Trundy's notice of appeal as a request for a certificate of probable cause. See 28 U.S.C. § 2253, Fed. R. App. P. 22 (b).
 
 
 2
 Petitioner has filed a memorandum in support of this request in accordance with Local Rule 22. To justify the issuance of a certificate of probable cause, a petitioner must make a "substantial showing of the denial of (a) federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quoting Stewart v. Beto, 454 F.2d 268, 270 n.2 (5th Cir. 1971), cert. denied, 406 U.S. 925 (1972)). While the petitioner need not show that 'he should prevail on the merits ... he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are 'adequate to deserve encouragement to proceed further." Id. at n.4 (citations omitted).
 
 
 3
 We have reviewed the petitioner's memorandum and his supplemental filings and the record of the district court.[1] We fail to discern any 'detail, amplification, or explanation of conceivably appropriate grounds for appeal ... .' Hachey v. State of Maine, 453 F.2d 369, 370 (1st Cir. 1972) (per curiam). The petitioner has failed to make the threshold showing required to justify the issuance of a certificate of probable cause. Accordingly, the request for a certificate of probable cause is denied and the appeal is terminated.
 
 
 
 [1]
 We have also reviewed the record of the petitioner's state postconviction p roceeding, the transcript of his change of plea hearing, and the sentencing hea ring