

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00306-CR

---

OSBALDO GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 21-02-9974, Honorable Pat Phelan, Presiding

---

March 24, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Osbaldo Gonzales, appeals from his conviction for aggravated sexual assault of a child, for which he received a fifty-year sentence of confinement.[1] By two issues, Appellant argues that (1) a material variance between the indictment and the proof subjects him to double jeopardy, requiring acquittal, and (2) his trial counsel was ineffective during the punishment phase. We affirm.

---

[1] See TEX. PENAL CODE § 22.021(a)(1)(B)(i).

**MATERIAL VARIANCE**

A. Background

A grand jury indicted Appellant for aggravated sexual assault of a child, alleging that he intentionally and knowingly caused the penetration of the sexual organ of ML, the complainant,[2] a child who was younger than 14 years of age, by Appellant's finger. At trial, ML's mother, who testified as an outcry witness,[3] explained that ML told her: "[Appellant] has been touching me. He's been touching my private parts. He stuck his finger in me." ML's mother asked if it only happened one time, and ML responded that it happened twice.

ML similarly testified at trial. On direct examination, the following exchange occurred with ML:

Q. Okay. There we go. So he touched you inside that part?
A. Yes.
Q. Yes?
A. Yes.
Q. Okay. How many times did he do this?
A. Twice.
Q. Were there any other times?
A. Not that I recall.

---

[2] We refer to the complainant using a pseudonym to protect the child's identity. *See* TEX. R. APP. P. 9.8, cmt.

[3] *See* TEX. CODE CRIM. PROC. art. 38.072.

2

ML's mother kept a calendar and, in messages with an investigator, suggested the abuse may have occurred "around" November 2, 2019. Appellant did not request that the State be required to elect which of any alleged offenses for which it was seeking a conviction, nor did he request a unanimity instruction in the charge of the court.

B. Applicable Law and Standard of Review

A variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). Only a material variance requires reversal because only a material variance prejudices a defendant's substantial rights. *Id.* at 257. A variance is material if it fails to give the defendant sufficient notice of the charges against him or would not bar a second prosecution for the same offense. *Byrd v. State*, 336 S.W.3d 242, 248 (Tex. Crim. App. 2011).

Ordinarily, when one particular act of sexual assault is alleged in the indictment and more than one incident of that same act is shown by the evidence, the State must elect the act upon which it would rely for conviction. *Owings v. State*, 541 S.W.3d 144, 150 (Tex. Crim. App. 2017). Such a scenario implicates jury unanimity. *Cosio v. State*, 353 S.W.3d 766, 772 (Tex. Crim. App. 2011). If only one assault is charged but evidence of more than one is presented and the defendant makes a timely request for the State to elect the specific unit of prosecution, the trial court errs by failing to order it to do so. *Id.* "A defendant's decision to elect is purely strategic and may be waived or forfeited. A defendant may choose not to elect so that the State is jeopardy-barred from prosecuting

3

on any of the offenses that were in evidence." *Cosio v. State*, 353 S.W.3d 766, 775 (Tex. Crim. App. 2011).

C. Analysis

Appellant argues that because he was indicted for only one offense and evidence of two was presented, a material variance occurred that subjects him to potential prosecution for the same offense again. We disagree for three reasons.

First, the record does not unambiguously establish that the State presented evidence of two separate incidents. Asked how many times Appellant touched her inside, ML responded, "Twice." But the immediate follow-up question, "Were there any other times?", and ML's answer, "Not that I recall," suggest ML may have been describing two penetrations during a single incident rather than two separate occasions of abuse. The State presented no evidence concerning the location, circumstances, or details of any second incident. The mother's calendar notations referencing two possible dates were not clearly tied to ML's testimony and may have reflected dates ML stayed overnight with her grandparents rather than confirmed separate incidents.

Second, even assuming the evidence could be read to suggest two separate incidents, Appellant's claim still fails. We recently addressed a similar attempt to recast a unanimity complaint in different doctrinal clothing. *See Magdaleno-Garcia v. State*, No. 07-24-00166-CR, 2026 Tex. App. LEXIS 2399, at *4–5 (Tex. App.—Amarillo Mar. 16, 2026, no pet. h.) (mem. op., not designated for publication). There, the appellant challenged the sufficiency of the evidence based on testimony describing repeated sexual assaults, arguing the jury could not have unanimously agreed on a specific act for each

4

count. *Id.* As here, Appellant did not request the State to elect one unit of prosecution. We observed that the appellant was "attempt[ing] to present an unpreserved unanimity argument wearing sufficiency clothing." *Id.* The distinction mattered, we explained, "because unanimity and sufficiency are governed by separate bodies of law, analyzed under different standards, and remedied in fundamentally different ways." *Id.*

The same analytical confusion is present here, though Appellant dresses his unanimity complaint in variance clothing rather than sufficiency clothing. The State presented evidence precisely matching the offense alleged: digital penetration of ML's sexual organ. *See Gollihar*, 46 S.W.3d at 246. To the extent the evidence can be construed as showing more than one incident meeting the elements of the indicted offense, that creates a potential unanimity problem, not a variance. *See Cosio*, 353 S.W.3d at 772.

Third, Appellant's double jeopardy concern is misplaced. Because the State did not elect which offense it proceeded under, it is now barred from prosecuting Appellant on either offense should two have been shown. *See Cosio*, 353 S.W.3d at 775.

Appellant's first issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

A. Background

By his second issue, Appellant argues that his trial attorney provided ineffective assistance by failing to object to multiple closing arguments during the punishment phase. In particular, Appellant cites the following arguments:

5

- "You heard absolutely nothing about our victim, [ML] being a bad person. You heard that, no, she's a good person."

- "You know, I'm just going to ask you to go back there and deliberate and to only consider life or 99 years."

- "He's not fixable. He doesn't think he did anything wrong. You haven't seen any remorse . . . ."

- "But you don't hear any remorse, you hear not alternative explanation, all you hear is blame. Silence that twinkle, fix that switch, do the kill switch. Don't let him have a twinkle of a memory in his mind of fingering his nine-year-old daughter."

- "We don't even have an apology. We can't get there. Someone that won't admit to his wrongs in the face of all this evidence even though he told [ML] himself he was sorry and not to tell, not to tell so he could continue. No."

- "He needs life or 99, our community stands for this, the protection of children, who don't have a fight or voice in the fight. They don't even have the ability to fight but you do, and we're charging you with that."

B. Applicable Law and Standard of Review

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. CONST. amend. VI. To prevail on a claim that counsel was ineffective, a party must prove two prongs: (1) that counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate that the claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

6

When evaluating counsel's effectiveness under the first prong, we review the totality of the representation and the particular circumstances of the case to determine whether counsel provided reasonable assistance under all the circumstances and prevailing professional norms at the time of the alleged error. *Strickland*, 466 U.S. at 688–89. We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). "In order to succeed with an ineffective-assistance-of-counsel claim based on counsel's failure to object, one 'must show that the trial judge would have committed error in overruling such objection.'" *Ex parte Parra*, 420 S.W.3d 821, 824–25 (Tex. Crim. App. 2013) (quoting *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011)).

There is a strong presumption that counsel's conduct was reasonable; strategic decisions made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Ex parte Flores*, 387 S.W.3d 626, 633 (Tex. Crim. App. 2012). Direct appeals are generally inadequate vehicles for *Strickland* claims because the record is usually undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). We will not speculate as to the basis for counsel's actions; a silent record on the reasoning behind counsel's actions is sufficient to deny relief. *Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.).

Proper jury argument generally falls within one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). A proper plea for law enforcement may take many forms,

one of which is to argue the relationship between the jury's verdict and the deterrence of crime in general. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990). The State may argue the impact the jury's verdict would have on the community or even narrow or specific groups of the community, but may not argue that the community or any particular segment expects or demands a particular punishment. *Id.* at 56. A request for a specific sentence is otherwise a plea for law enforcement. *See, e.g.*, *Barrera v. State*, 491 S.W.2d 879, 881 (Tex. Crim. App. 1973) (request for life sentence is a proper plea for law enforcement). A prosecutor may not inject his personal opinion of a witness's credibility during closing argument. *Mosley v. State*, 666 S.W.3d 670, 674 (Tex. Crim. App. 2023).

The Fifth Amendment generally prohibits a prosecutor from making adverse comments about a defendant's decision not to testify at trial. *Wead v. State*, 129 S.W.3d 126, 128 (Tex. Crim. App. 2004). Indirect or implied allusions to the defendant's failure to testify does not violate his rights. *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995). A remark calling attention to the absence of evidence only the defendant could supply requires reversal. However, if the language can reasonably be construed to refer to the appellant's failure to produce evidence other than his own testimony, the comment is not improper. *Id.* at 491.

## C. Analysis

We begin by noting that some of the complained-of arguments were not improper. Appellant contends the State improperly bolstered the complainant's credibility by calling her a "good person." We disagree. The State was summarizing the evidence presented about the complainant rather than inserting personal opinion about her truthfulness. *See*

8

*Mosley*, 666 S.W.3d at 674; *Stout v. State*, 426 S.W.3d 214, 222 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("A prosecutor may not attempt to make that credibility determination for the jury, but she may invite the jury to make its own credibility determination based on the evidence presented at trial.").

As noted above, the State's request for a sentence of ninety-nine years or life is a proper plea for law enforcement. *See Barrera*, 491 S.W.2d at 881. So too is the appeal to protect children in the community. *See Harris v. State*, 122 S.W.3d 871, 888 (Tex. App.—Fort Worth 2003, pet. ref'd) (merely referencing the community does not constitute an improper appeal to community expectations). Because these were permissible arguments, the trial court would not have erred by overruling an objection to them, and they cannot serve as the basis for an ineffective assistance claim. *See Ex Parte Parra*, 420 S.W.3d at 824–25.

The State's comments on Appellant's perceived lack of remorse are less straightforward. Some of the comments appear to stem from Appellant's closing argument requesting leniency and an opportunity for redemption and rehabilitation. The State concedes on appeal that, as a whole, some comments were impermissible but nonetheless do not rise to the level of ineffective assistance without understanding trial counsel's potential strategy.

We agree the State's arguments were improper. Absent other evidence of remorse or its absence, the comments called attention to Appellant's failure to testify. *See Patrick*, 906 S.W.2d at 491. However, that is not the end of the analysis. Without the benefit of a developed record, we are left to speculate as to why Appellant's trial

9

counsel decided not to object.  *See, e.g., Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) ("An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions . . . ."); *Orellana v. State*, 489 S.W.3d 537, 551 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (Appellant did not prove trial counsel was ineffective by failing to object to closing argument referencing his lack of remorse where record is silent as to trial counsel's reasoning).

The facts of this case are similar to those in *Orellana*, in which our sister court held that the silent record failed to supply the information necessary to reverse the judgment. 489 S.W.3d at 551.  We agree.  Absent an explanation from trial counsel, we cannot determine that his failure to object was so deficient as to require reversal.

We overrule Appellant's second issue.

CONCLUSION

Having overruled both issues, we affirm the trial court's judgment.

Lawrence M. Doss<br>Justice

Do not publish.