**Robert Edward SPENCER,
# 98768, Petitioner,**

v.

**O. Raymond CUNDIFF, Judge, Lynchburg Circuit Court, Respondent.**

**Robert Edward SPENCER,
# 98768, Petitioner,**

v.

**Jack DAVIS, Director, Virginia State Penitentiary, Respondent.**

Civ. A. Nos. 76–0015 and 76–0016.

United States District Court,
W. D. Virginia.

May 18, 1976.

Robert Edward Spencer, pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondents.

MEMORANDUM OPINION and ORDER

DALTON, District Judge.

These are two cases brought by Robert Edward Spencer, an inmate at Wise Correctional Unit # 18. The petitioner was sentenced by the Honorable O. Raymond Cundiff in the Circuit Court of the City of Lynchburg on a guilty plea to a charge of uttering a false check. The petitioner entered this plea midway through his trial before a jury after the prosecution agreed in a plea bargain to move that a charge of forgery against the petitioner be nol prossed. The court entered a nol prosse on the forgery charge after sentencing petitioner to serve two years in the state penitentiary on the uttering conviction.

In Case Number 76–0015 the named respondent is Judge Cundiff. The petitioner seeks to be "released". He makes the following allegations:

(1) He was denied the due process of the law when preliminary hearings in his case were continually postponed.

(2) No court reporter was present to make a transcript of these preliminary hearings.

(3) He attempted to change his guilty plea to a not guilty plea, but was not permitted to do so.

(4) He was not permitted a trial by a jury of his peers.

(5) He was denied the effective assistance of counsel.

(6) He was returned to the State Penitentiary on a parole violation when he had fully served the sentence for which he was allegedly on parole.

(7) The Lynchburg Circuit Court didn't follow the proper procedures in denying his previous petitions for a writ of habeas corpus.

The respondent in this action has filed a motion to dismiss and this court believes this motion is well taken.

After studying the petition in this action, the court is convinced that the remedy sought is a writ of habeas corpus. The allegations petitioner makes challenge the fact and/or duration of confinement as opposed to the conditions of confinement. This makes a writ of habeas corpus the proper remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

A writ of habeas corpus is more properly addressed to the officer in charge of confining the prisoner. The sentencing state court judge is not a proper party defendant since he neither has the power or authority to order the petitioner released under a federal writ of habeas corpus. However, in Case Number 76–0016, the petitioner has properly brought a similar habeas corpus action against the Director of the Virginia State Penitentiary. This being so, this court herein orders Case Number 76–0015 dismissed and turns its attention to the merits of Case Number 76–0016.

In this action, the petitioner makes the following allegations:

(1) He was denied the due process of the law when preliminary hearings were continued on several occasions to obtain the presence of a witness for the Commonwealth.

(2) He was denied the effective assistance of counsel.

(3) His guilty plea was illegally induced and received and he never admitted his guilt.

(4) He was denied the right to change his plea of guilty to that of not guilty.

(5) No transcript of the guilty plea proceedings was kept.

(6) He was not allowed a trial by a jury of his peers.

Initially, this court must examine these claims to see whether petitioner has properly exhausted his remedies in the state courts. It appears that none of these allegations have been raised by way of direct

or collateral review in the state courts. However in Virginia, an aggrieved party has only four months for noting a direct appeal to the Virginia Supreme Court, 8–463, Va.Code Ann. (1950). Since, final judgment was rendered by the trial court on May 13, 1975, this is clearly not an available option for the petitioner here.

■ Furthermore, habeas corpus relief in Virginia will not extend to alleged trial defects that were not raised at trial and pursued on appeal unless they are jurisdictional defects on a claim of inadequacy of counsel. *Superintendent v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974). Thus it would be fruitless for petitioner to attempt to raise his claims by way of state court collateral review. In ascertaining whether the petitioner has exhausted his state court remedies, this court should look only to determine whether petitioner has presently available any such remedies. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). This court cannot find any presently available state court remedies for petitioner and thus will consider each claim for its substantive value.

■ In response to petitioner's first claim, this court notes at the outset that a request for a continuance is generally left up to the sound discretion of the trial judge and absent an abuse of this discretion will not be overturned. *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). It appears from the pleadings available in this case that the petitioner was charged by warrant with uttering a false check on or about December 3, 1974. As a result of this warrant preliminary hearings were scheduled on December 12, 1974 and January 16, 1975, both of which were continued on motion of the Commonwealth over the objection of the defendant, because a Commonwealth's witness failed to appear. On February 6, 1975 a third preliminary hearing was held, at which time the Commonwealth moved to nol prosse the charge against the defendant, over defendant's objection. The judge did nol prosse the charge.

However, it appears that on April 8, 1975 another arrest warrant was issued pertaining to the same forgery incident, this time charging the defendant with uttering a false check and a preliminary hearing was scheduled in the General District Court on April 24, 1975 which was continued until the next day. At this preliminary hearing on April 25, 1975, defendant moved to have the charges dismissed against him on the grounds that he had been denied due process and his right to a speedy trial. This motion was denied.

■ On May 5, 1975 the petitioner was indicted by a grand jury for the offenses of forgery and uttering a false check. Petitioner's appointed counsel did not renew his speedy trial and due process motions until the trial in the Circuit Court on May 13, 1975. Judge Cundiff refused to accept these motions because they were not filed seven days before the trial in writing in accordance with Rule 3A:12 of the Rules of the Supreme Court of Virginia. It is due to trial counsel's failure to properly raise this motion that petitioner claims he was inadequately represented by counsel. However, this court notes that it need only consider whether the delays described herein were constitutionally deficient for if they were not then the failure of counsel to have them considered by the trial court did not so prejudice the petitioner's case as to constitute inadequate representation of counsel.

■ The facts as related reveal that the petitioner was under accusation by law enforcement authorities after the date of the first arrest warrant on December 3, 1974. This being so his Sixth Amendment right to a speedy trial attached from this date. *U. S. v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Notwithstanding, the fact that at one point there was a break in this accusatory period when the first charge was nol prossed, nevertheless at each time when a continuance was granted the petitioner was facing criminal charges and thus due his speedy trial guarantee.

In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971), the Supreme Court identified certain factors that a court should assess in determining whether a particular defendant has been deprived of his

right to a speedy trial. In balancing these factors, this court is of the opinion that the defendant wasn't deprived of his constitutional rights.

 First, as the court in *Barker* recognized, delay is presumptively prejudicial. However here the delay was no more than from December to May, generally a briefer period of time than in which most criminal cases are concluded today. Secondly, the reason for the delay was the continued failure of the Commonwealth's witness, who had cashed the check for the defendant, to appear at the preliminary hearings. Since this witness was later able to identify the defendant at trial, it would certainly appear that his testimony at the preliminary hearings was necessary to the Commonwealth. There does not appear to be any underhanded motive on the Commonwealth's part to delay the trial. *U. S. v. Marion, supra,* 404 U.S. at 325, 92 S.Ct. 455. See *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

Thirdly, the court notes that objection was not made to the delay until the second continuance was granted on January 16, 1975. (Transcript, pgs. 5–6). The stated reason at this time was that the Commonwealth's witness had not shown up. Of course, it would have been quite beneficial to the defendant had the court proceeded at that time. However the defendant was never able to identify any particular prejudice suffered by him, the crucial fourth factor the Supreme Court considered in *Barker v. Wingo, supra.* Beyond the presumptive prejudice of having to wait while criminal charges remain pending, there was no hint or suggestion that the defendant's case would be prejudiced whatsoever. As far as this court can see, granting the continuances did not within the context of the case endanger any of the values the right to a speedy trial protects. It hurt the defense only from the standpoint that it enabled the prosecution to get their case in order. While continuances certainly would be permitted to allow a defense to get its case in order, turnabout is only fair play, absent particular prejudice to the other side. Thus

the court finds that petitioner's due process and speedy trial guarantees were not abrogated by the five month delay. Having made this finding, this court also denies the petitioner's claim of inadequacy of counsel asserted because counsel failed to properly raise the defendant's speedy trial motion.

Petitioner's third contention concerns his guilty plea. Petitioner appears to be objecting to the plea bargaining process itself which occurred midway through his trial. At this point, the Commonwealth agreed to nol prosse the forgery charge against the petitioner if he would plead guilty to the charge of uttering a false check. The record reveals that the petitioner freely and voluntarily entered into this bargain and received the recommended sentence of the prosecution, two years. (Transcript pgs. 27–28). Federal habeas corpus does not serve as a remedy for a criminal defendant to change his mind about statements voluntarily made for the record during trial. Despite his assertions to the contrary the petitioner did give up his plea of innocence and this court will hold him by these statements absent a charge that they were made under duress or coercion.

Nor does the record reveal that any of petitioner's last three allegations are factually correct. There clearly is a record of petitioner's plea of guilty and there is no record of any indications by the petitioner of a desire to change this plea back to a plea of not guilty. Petitioner was represented by counsel who would have certainly demanded that any wrongdoings by the prosecution or the court be put on the record. However petitioner's counsel has not seen fit to enter this proceeding on behalf of petitioner to assert that the petitioner was not permitted to plead innocent. In fact, there is not one shred of evidence to substantiate petitioner's claim.

Finally, the record indicates that petitioner was in the middle of a jury trial when he opted to plead guilty upon a plea bargain. Of course, there is never any guarantee that all the aspects of the plea bargain will be carried out, but in this case the record indicates that the recommendations of the

attorneys were followed. This flies right in the face of petitioner's assertion that the bargain was not carried out and that he did not get a jury trial for which there is no evidence.

Thus on the basis of the record and pleadings available to this court, petitioner's writ of habeas corpus in case number 76–0016 is herein denied. Judgment is to be entered for the respondents in both case number 76–0015 and case number 76–0016 and both cases are to be stricken from the docket. The Clerk is requested to certify a copy of this opinion to petitioner and counsel for respondents in each case.