Roy Rogers **CREASEY**, Petitioner,

v.

**R.M. MUNCY, Warden, et al.,**
**Respondents.**

**Civ. A. No. 85–0496.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Nov. 25, 1985.

---

Roy Rogers Creasey, pro se.

Thomas D. Bagwell, Asst. Atty. Gen., Richmond, Va., for respondents.

## MEMORANDUM OPINION

DALTON, Senior District Judge.

Roy Rogers Creasey, a Virginia inmate, has filed a *pro se* petition for a writ of habeas corpus in this court. Petitioner was convicted of robbery in the Circuit Court of Botetourt County and was sentenced to twenty-five years in the penitentiary on March 26, 1981. As grounds for relief, petitioner alleges that:

a) he was denied due process in that he was denied allocution;

b) he was denied effective assistance of counsel in that:

1) counsel advised against a jury trial and guaranteed petitioner acquittal and promised that petitioner would receive only two to four years;

2) counsel failed to adequately cross-examine witnesses as to their identification; and

3) counsel objected to evidence favorable to petitioner;

c) petitioner was denied due process in that the sentencing judge did not certify he was familiar with the case pursuant to § 19.2–154; the court did not believe the defendant's evidence; the court struck the evidence of the state's expert witness regarding identification of the bank robbers, but allowed the use of the enlargements; the court held petitioner's plea of not guilty against the petitioner;

d) the arrest warrant and indictment were improper;

e) evidence was refused for petitioner;

f) petitioner's confession was coerced in that he was forced to dress and comb his hair as the robber;

g) petitioner was denied his *Miranda* rights;

h) counsel on appeal was ineffective in that he did not raise all the errors that occurred at trial;

i) the search and seizure of items from petitioner's home was illegal;

j) the evidence was insufficient to support petitioner's conviction;

k) evidence was obtained in violation of the Fourth and Fourteenth Amendments;

l) the suggestive and discriminatory police procedures were violative of petitioner's Fourteenth Amendment rights; and

m) the impermissible photographic display and the judge's use of it violated petitioner's Fifth and Fourteenth Amendment rights.

Respondents, through counsel, have filed motions to dismiss and have submitted to the court the records of the state court proceedings. Petitioner had been given an opportunity to respond to the motions of the respondents and has done so. The action is, therefore, ripe for the court's consideration. Petitioner has, in several state court proceedings, exhausted his state court remedies.

■ After a thorough review of the record and the transcript of the petitioner's criminal trial, the court is of the opinion that petitioner is not entitled to federal habeas corpus relief. Initially, the court notes that most of petitioner's claims may not be considered by this court because of petitioner's procedural default in the state courts. Where one procedurally defaults and the state courts have held that he has defaulted as to certain claims, federal review of those claims is generally barred. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This is the case as to petitioner's claims (a), (b), (c), (e), (f), (g), (h), (i), (*l*), and (m). Moreover, many of these claims do not raise federal questions and therefore are not appropriate matters for federal habeas corpus review in any case. *See Hailey v. Dorsey*, 580 F.2d 112 (4th Cir.1978), *cert. denied*, 440 U.S. 937, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979); *Pigford v. United States*, 518 F.2d 831 (4th Cir.1975); *Grundler v. North Carolina*, 283 F.2d 798 (4th Cir.1960).

■ Petitioner's claim (d) alleges that the arrest warrant and indictment were improper. Contrary to petitioner's contention, he was not charged with armed robbery. Thus, the indictment did not need to be changed to conform with petitioner's conviction. Petitioner's statement that he was not charged until one month after the crime does not raise a claim justifying federal habeas corpus relief. Petitioner had no constitutional right to be arrested at any certain time and no speedy trial claim could arise as the result of a delay of one month. In addition, an illegal arrest does not impair a court's right to try a defendant and does not entitle one to federal habeas corpus relief. *See Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Vance v. North Carolina*, 432 F.2d 984 (4th Cir.1970). Petitioner has not shown that the circumstances of his arrest denied him of a fair trial. Thus, his claim does not warrant a judgment in his favor. *See Crowell v. Zahradnick*, 571 F.2d 1257 (4th Cir.1977).

■ As to allegation (j) concerning the sufficiency of the evidence, the court must apply the decision in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Viewing the evidence in a light most favorable to the prosecution, this court finds that a rational trier of fact could find all the elements of the crime beyond a reasonable doubt. Although another person had originally been suspected of the robbery, sufficient evidence connected petitioner with the crime. Witnesses identified petitioner as the perpetrator of the crime and acknowledged that they had been incorrect in first identifying another. The jury was entitled to weigh the testimony and determine whether those witnesses had been correct in their first or second identifications. *See Pigford v. United States, supra*. In addition, other witnesses testified to petitioner's taking a large sum of money to a friend's house. In fact, some of the money was marked and was recovered from the friend. In light of the testimony presented, the conviction was proper.

■ Finally, petitioner alleges in (k) that the evidence of the marked money was obtained in violation of his Fourth and Fourteenth Amendments rights. To the extent that this is an attack on the admissibility of the evidence, petitioner has not stated a claim for federal habeas corpus relief. Admissibility of the evidence is a state question not reviewable by a federal court. *Grundler v. North Carolina, supra*. As an attack on the search and seizure, petitioner is similarly not entitled to relief. Petitioner had an opportunity to raise the issue in the state courts and is therefore precluded from raising it here. *Stone v. Powell, supra*.

For the reasons stated herein, the petition for a writ of habeas corpus shall be dismissed in an Order entered this day.