803 F.2d 1180
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Scott EZELL, Jr., Plaintiff-Appellant,
v.
NC STATE PATROL: Jerry R. Mumford, Defendants-Appellees.
 No. 86-7657.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1986.
Decided Oct. 23, 1986.
 
 Joseph Scott Ezell, Jr., appellant pro se.
 E.D.N.C.
 REMANDED.
 Before PHILLIPS, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Scott Ezell appeals the district court order dismissing his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Ezell alleges that a member of the North Carolina Highway Patrol falsely charged him with a crime on August 14, 1985. Additionally he claims that, on December 27, 1985, the defendant threatened to give him another ticket if he came to court and that on December 27, 1985, and January 7, 1986, he was falsely arrested by the defendant.
 
 
 2
 The district court held that the complaint failed to allege a deprivation of a constitutional right and thus was frivolous as a Sec. 1983 action. The court further held that, to the extent that Ezell was attempting to challenge the validity of his conviction, his complaint was subject to the requirement of exhaustion of state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1975); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).
 
 
 3
 If in fact Ezell does seek to challenge the validity of his conviction then, as the district court held, he must exhaust his available state remedies before seeking relief in federal court. However, it is unclear from Ezell's complaint whether his current incarceration is based upon the arrest he complains of. Moreover, at least two of the arrests challenged by Ezell did not lead to conviction. As it is impossible to ascertain the "core" of Ezell's claim from a reading of his complaint, dismissal for failure to exhaust state remedies is inappropriate at this time. Todd, 712 F.2d at 73.
 
 
 4
 Additionally, in Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979), recognizing that pro se complaints must be held to less stringent standards than formal pleadings, we stated that to satisfy the test of frivolousness under Sec. 1915(d) the district court must find " 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief." As Ezell's complaint fails to set forth facts supporting his allegations of false arrest, it is difficult to ascertain whether or not he has an action cognizable under Sec. 1983. In our view, however, it is arguable that the complaint, construed to allege a tort by a state law enforcement official, may allege a constitutional violation under Sec. 1983. See, e.g., Cole v. Cole, 633 F.2d 1083, 1091 (4th Cir.1980). We therefore disagree that the complaint is frivolous within the meaning of Sec. 1915(d).
 
 
 5
 As the complaint was filed pro se we believe the district court should have given Ezell the opportunity to amend the complaint by setting forth facts sufficient to support his claim. Of course, a claim of illegal arrest does not ordinarily state a ground for habeas corpus relief when a convicted defendant does not claim that he was denied a fair trial by the introduction of evidence derived from the illegal arrest. Crowell v. Zahradnick, 571 F.2d 1257, 1259 n. 3 (4th Cir.1977). We therefore remand the case to the district court for proceedings consistent with this opinion.
 
 
 6
 REMANDED.