Timothy W. SPENCER, Petitioner–Appellant,

v.

Edward W. MURRAY, Director, Respondent–Appellee.

No. 93–4004.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1993.

Decided March 1, 1994.

**ARGUED:** William Theodore Linka, Boatwright & Linka, Richmond, Virginia, for Appellant. Donald Richard Curry, Senior Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Appellee. **ON BRIEF:** Stephen D. Rosenthal, Attorney General of Virginia, Office of the Attorney General, Richmond, Virginia, for Appellee.

## OPINION

Before WIDENER, PHILLIPS, and WILLIAMS, Circuit Judges.

WIDENER, Circuit Judge:

Timothy Wilson Spencer attacks a Virginia state court judgment sentencing him to death for the murder of Susan Tucker in Arlington County, Virginia. The district court denied Spencer's petition for a writ of habeas corpus and dismissed his case. We affirm.[1]

I

On December 1, 1987, the nude body of Susan Tucker was found in her Arlington townhouse. She had been raped and murdered by ligature strangulation. Because most of the underlying facts of the murder are not critical to our discussion, we refer for them to the Virginia Supreme Court's opinion on direct review in this case. *Spencer v. Commonwealth*, 238 Va. 275, 384 S.E.2d 775 (1989).

Spencer was convicted and sentenced to death by a jury on July 16, 1988. He appealed his convictions and sentences to the Virginia Supreme Court, which affirmed. *Spencer v. Commonwealth*, 238 Va. 275, 384 S.E.2d 775 (1989). The United States Supreme Court denied Spencer's petition for a writ of certiorari. *Spencer v. Virginia*, 493 U.S. 1036, 110 S.Ct. 759, 107 L.Ed.2d 775 (1990).

Spencer next petitioned the Circuit Court of Arlington County for a writ of habeas corpus. His petition was dismissed and denied on July 17, 1990. *Spencer v. Thompson*, No. 90–424 (Cir.Ct. of Arlington County, July 17, 1990). On October 15, 1990, the record in the state habeas case was filed with the Virginia Supreme Court, but no petition for appeal was filed with the Virginia Supreme Court within the time allowed by law. Accordingly, the Virginia Supreme Court ordered that the record be returned to the Circuit Court of Arlington County on April 24, 1991. On October 3, 1991, Spencer requested leave to file a petition for appeal out of time. The Virginia Supreme Court denied Spencer's motion on October 22, 1991.

---

1. This is the third murder and rape committed by Spencer which has come to this court. Both of our earlier cases arose out of convictions obtained in the City of Richmond. *Spencer v. Murray*, 18 F.3d 229, (4th Cir.1994) (murder of Susan Hellams) (published); *Spencer v. Murray*, 5 F.3d 758 (4th Cir.1993) (murder of Debbie Davis), *cert. denied*, —— U.S. ——, 114 S.Ct. 1208, 127 L.Ed.2d 555 (1994).

Spencer then turned to the United States District Court for the Eastern District of Virginia. By order dated May 7, 1993, the district court denied Spencer's petition for a writ of habeas corpus and dismissed the case. *Spencer v. Murray*, No. 3:92CV507 (E.D.Va. May 7, 1993). On June 4, 1993, Spencer filed a notice of appeal and an application for a certificate of probable cause to appeal. The district court denied Spencer's application on July 8, 1993. *Spencer v. Murray*, No. 3:92CV507 (E.D.Va. July 8, 1993).

Without applying for a certificate of probable cause, Spencer prosecuted his appeal in this court.[2] Spencer raises three issues here: (1) The jury instructions and verdict form at the sentencing phase do not adequately address mitigating evidence; (2) Virginia's appellate review of death sentences is inadequate; and (3) forensic DNA profiling is unreliable.

## II

■ Spencer's first claim regarding the jury instructions and verdict form's failure to adequately address mitigating evidence must be denied because Spencer did not exhaust his state remedies.[3] 28 U.S.C. § 2254(b). This claim was not raised in Spencer's direct appeal to the Virginia Supreme Court. There, Spencer raised vagueness challenges to the vileness aggravating factor under the Virginia sentencing scheme and claimed the jury had excessive discretion. See *Spencer*, 384 S.E.2d at 778. No mention was made in his brief to the Virginia Supreme Court of

mitigating evidence with respect to jury instructions or verdict forms. The Virginia Supreme Court held that the vagueness claim concerning the vileness factor and the claim of excessive jury discretion were not raised at trial and were defaulted under Va. Sup.Ct.R. 5:25. *Spencer*, 384 S.E.2d at 788. It was not until he reached the federal district court that Spencer raised the issue of jury instructions and verdict forms in the mitigating evidence context. The district court's holding that the claim was raised on direct review but procedurally defaulted under Va.Sup.Ct.R. 5:25 may not be correct, but apparently results from understandable confusion in construing Spencer's assignments of error on direct review. The district court was correct, however, in dismissing the claim, because the claim before us concerning mitigating evidence has not been presented to the state courts and therefore is not exhausted.

■ Spencer's second claim, which attacks Virginia's appellate review, must also be denied because it was not raised in his direct appeal to the Virginia Supreme Court.[4] Spencer has not exhausted his state remedies on this claim, and we therefore deny relief on that account. 28 U.S.C. § 2254(b).

■ Spencer's third claim is that forensic DNA profiling is unreliable. Spencer has not stated a federal claim with respect to his allegations, and we therefore cannot entertain his petition on this ground.[5] 28 U.S.C. § 2254(a). Further, even if we were to con-

2. When no application for a certificate of probable cause is filed after the district court's denial of the certificate, the notice of appeal is treated as a request addressed to the judges of the court. Fed.R.App.P. 22(b). Accordingly, as individual judges, the members of this panel grant a certificate of probable cause to appeal in this case.

3. The result would not be any different if the claim were exhausted because we have repeatedly held that this claim is without merit. See, e.g., *Jones v. Murray*, 947 F.2d 1106, 1119–20 (4th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1591, 118 L.Ed.2d 308 (1992); *Briley v. Bass*, 750 F.2d 1238, 1242–44 (4th Cir.1984), *cert. denied*, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985).

4. Again, even if this claim were exhausted, we would not afford Spencer habeas relief because

the claim is without merit. We have examined and rejected substantially the same claim before in *Peterson v. Murray*, 904 F.2d 882, 887 (4th Cir.), *cert. denied*, 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990). See also *Clozza v. Murray*, 913 F.2d 1092, 1105 (4th Cir.1990) (deciding question under specific facts involved), *cert. denied*, 499 U.S. 913, 111 S.Ct. 1123, 113 L.Ed.2d 231 (1991).

5. Indeed, Spencer's petition on this point cites no constitutional amendment nor mentions any constitutional right infringed by the supposed unreliability of the test.

Also, the district court correctly held that it would not consider the point made here because no federal constitutional claim in this regard was presented on direct appeal to the Virginia Supreme Court.

strue his petition as alleging a denial of due process, the result would not be any different.

The claim would be dismissed for failure to exhaust under Section 2254(b), except to the extent it argues that the DNA evidence should not have been admitted at trial. Spencer's claim that the DNA evidence was inadmissible was raised on direct appeal, but the admissibility of evidence under state law is not a question we consider on the merits on habeas review. *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir.1960); see also *Spencer v. Murray,* 5 F.3d 758, 762 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1208, 127 L.Ed.2d 555 (1994). Spencer attempted to raise a claim that his counsel were ineffective in handling the DNA evidence in his petition for appeal from the state trial court's decision on his habeas petition, but he was denied leave to file his petition out of time. Because his ineffective assistance claim in the state habeas case was not presented to the highest state court for review, it, too, must be denied for failure to exhaust.[6] 28 U.S.C. § 2254(b). Therefore, we do not review any aspect of Spencer's DNA evidence claim.

### III

All of Spencer's claims for relief must be denied for failure to exhaust his state remedies or failure to state a cognizable federal habeas corpus claim.

The judgment of the district court is accordingly

*AFFIRMED.*

---

**6.** The fact that the Virginia Supreme Court refused to allow Spencer to file his appeal because of his failure to comply with Virginia's procedural law supplies us with an additional ground to affirm the district court. *Crowell v. Zahradnick,* 571 F.2d 1257, 1258 n. 1 (4th Cir.1977), *cert. denied,* 439 U.S. 956, 99 S.Ct. 357, 58 L.Ed.2d 348 (1978).