23 F.3d 402
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John Wilson PARHAM, Petitioner-Appellant,
v.
Dave SMITH, Warden, Nottoay Correctional Center, Respondent-Appellee.
 No. 93-6958.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 29, 1994.
Decided: April 26, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CA-93-56-R).
 John Wilson Parham, Appellant Pro Se.
 Thomas Cauthorne Daniel, Asst. Atty. Gen., Richmond, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Wilson Parham appeals from the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition for failing to exhaust state remedies. We affirm.
 
 
 2
 The circuit court convicted Wilson in September 1987 for second degree murder. Parham appealed his conviction. Parham states that he asked his trial counsel, an assistant public defender, to allege on appeal that he received an unfair trial because jurors fell asleep during his trial, but counsel refused to do so. The appeal was dismissed because the petition for appeal was not timely filed.
 
 
 3
 Parham subsequently filed a habeas corpus petition in the Circuit Court seeking solely a delayed appeal to the Court of Appeals of Virginia and alleging ineffective assistance of counsel for failing to timely perfect his appeal. Parham states that he asked the public defender preparing his habeas petition to raise the issues regarding jurors falling asleep during his trial and the ineffective assistance of his trial counsel for failing to move for a mistrial when the trial judge allegedly found a juror asleep. Parham claims the public defender failed to adhere to his request.
 
 
 4
 The Circuit Court granted the habeas petition, permitting Parham to take a belated appeal. Parham then appealed his conviction to the Court of Appeals of Virginia, alleging that the trial court erred in instructing the jury and convicting Parham of any offense higher than voluntary manslaughter. Parham states that he asked the public defender to raise in the belated appeal the issue of ineffective assistance of his trial counsel, but he refused to do so. The court affirmed his conviction in April 1991. Parham's appeal to the Supreme Court of Virginia was denied in August 1991.
 
 
 5
 Parham then filed a Sec. 2254 habeas petition in the district court. In his petition he claimed: (1) his trial counsel was ineffective for failing to move for a mistrial when jurors fell asleep during trial proceedings, and (2) he was convicted by a "deferred and partial jury panel" because a juror fell asleep during trial proceedings.
 
 
 6
 Absent a valid excuse, a prisoner must first present his claims to the state courts. 28 U.S.C. Sec. 2254(b). The exhaustion requirement may be accomplished either on direct appeal or in state postconviction proceedings. See 28 U.S.C. Sec. 2254(b) and (c). As a general rule, however, an appellant should raise an ineffective assistance of counsel claim in a post-conviction proceeding and not on direct appeal. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992); United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). In this case, the public defender who represented Parham in the habeas petition seeking a belated appeal, and in the appeal itself, was not in a position to raise the ineffective assistance of trial counsel claim in either proceeding because Parham's trial counsel was an assistant public defender. Furthermore, the state habeas petition in this case was used solely to receive a belated appeal and not to raise substantive issues. Finally, counsel's ineffectiveness does not plainly appear on the face of the record, so the claim could not be fully addressed on direct appeal. DeFusco, 949 F.2d at 120-21. Consequently, in order to exhaust his ineffective assistance claim, Parham must first raise the issue in a state habeas petition.
 
 
 7
 Parham has procedurally defaulted as to the substantive issue regarding the jurors fallings asleep during his trial because he did not raise the issue at trial and on direct appeal. Slayton v. Parrigan, 205 S.E.2d 680 (Va.1974), cert. denied, 419 U.S. 1108 (1975) (stating that state habeas review is barred by failure to raise issue at trial and on direct appeal). Where the state court has not had an opportunity to apply its procedural bar, a federal court will nevertheless bar the claim where application of bar is clear. Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir.1990), cert. denied, 499 U.S. 982 (1991). In this case, however, it is not clear whether Parham is barred from federal habeas review of the substantive issue because it is not clear whether Parham would be barred from raising the issue in a state habeas petition. The state court may not bar Parham from raising the issue in a state habeas petition because the ineffective assistance of his counsel for failing to raise the issue when Parham requested that it be raised may excuse the default. Crowell v. Zahradnick, 571 F.2d 1257, 1259 n. 2 (4th Cir.1977), cert. denied, 439 U.S. 956 (1978).
 
 
 8
 However, Parham cannot use the ineffective assistance claim to excuse his procedural default in this court in order to seek federal habeas review. A claim of ineffective assistance must first be presented to the state court as an independent claim before it may be used to establish cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 488-89 (1986).
 
 
 9
 Therefore, the district court properly found that Parham had not exhausted these claims. Because it is unclear whether the claims are procedurally barred, however, we affirm solely on the ground that the claims were not properly exhausted in the state court. See generally Rose v. Lundy, 455 U.S. 509 (1982) (stating that petition containing both exhausted and nonexhausted claims should be dismissed so petitioner may exhaust his nonexhausted claims and then refile entire petition in federal court).
 
 
 10
 Accordingly, we grant a certificate of probable cause to appeal and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.