

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,871

### EX PARTE RAUL PARRA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20060D03360 IN THE 409TH DISTRICT COURT
### FROM EL PASO COUNTY

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., WOMACK, JOHNSON, HERVEY, COCHRAN, and ALCALA, JJ., joined. MEYERS, J., filed a dissenting opinion. PRICE, J., concurred.

### O P I N I O N

Raul Parra seeks habeas relief on the grounds that his trial counsel was ineffective for failing to object to the trial judge's response to a jury note and for failing to adequately question the venire to reveal one juror's alleged experience as the victim of both domestic violence and sexual assault of a child. Because Parra has failed to satisfy the requirements of *Strickland v. Washington*,[1] we deny relief.

Parra was convicted of aggravated sexual assault of a child and was sentenced to

_____

[1] 466 U.S. 668 (1984).

lifetime confinement and a one-dollar fine. The El Paso Court of Appeals affirmed Parra's conviction, finding that Parra did not preserve any error stemming from the judge's jury admonishment and no juror misconduct occurred.[2] We denied his petition for discretionary review. We filed and set Parra's application for a writ of habeas corpus and requested the parties to brief the following issues:

1.      Whether Applicant was denied effective assistance of trial counsel when trial counsel: (a) did not object to the trial court's response to a jury note as violating the mandates of Article 36.27 of the Code of Criminal Procedure; and (b) did not object to the contents of the trial court's response as threatening to the jury and resulting in the deprivation of a fair and impartial jury.

2.      Whether the actions of Applicant's trial counsel denied him a fair and impartial jury when trial counsel, allegedly, did not adequately question the venire panel during voir dire to reveal that one of the venire members who later served on the jury had been a victim of crimes in the past even though the juror had indicated on a questionnaire that the juror had not been such a victim.

## I. Failure to Object to Judge's Admonishment

During its punishment-phase deliberations, the jury sent out a note stating that "[s]ome of the jurors want to leave." The record does not contain a response from the trial judge. An hour later, the jury sent out another stating the following (with original emphasis): "[Two named jurors] are going to walk out, and want to talk to the judge. They want to know the consequences. We are still deliberating, but they do not want to hear anymore."

---

[2] *Parra v. State*, No. 08-09-0059-CR, 2010 WL 2768527 (Tex. App.—El Paso 2010, pet. ref'd).

The trial judge responded by bringing the jurors into the courtroom and addressing them as follows:

> The record should reflect the attorneys for the State, the attorney for the defendant, the defendant are present in the courtroom. The Court has received a message from the jury that needs my response.
>
> Ladies and gentleman of the jury, shortly I'm going to send you back into the jury room to see if you want to break for the day. You will be sequestered. It appears that there is a need for court reflection and maybe a break. The only break I can give you is breaking for the rest of the day. Like we did yesterday. So shortly I will send you into the jury room so that you can indicate to me whether that is your wishes at this time or whether you wish to continue to deliberate.
>
> In response to the question that was asked, here's my response. We have provided for you as nice an accommodation as I possibly can. If you don't want those, I will put you in the county jail and bring you tomorrow so that you can continue to deliberate with your fellow jurors.
>
> I have never had to do this. And I don't want to. But, understand one thing, you are the judges, the exclusive judges, of the facts and the credibility of the witnesses. And I will continue to respect you as co-judge and not interfere with your job. I am the judge of the law. And in the way this court is conducted.
>
> I do not want to put any of you in the county jail. But do not test me. Because I will not hesitate to put you in the county jail and bring you over to deliberate with your fellow jurors if I get that threat again.
>
> Go back into the jury room and let me know whether you wish to continue your deliberations.

The record does not reflect that Parra requested to see the jury's note or objected to the content of the judge's statement. In the motion-for-new-trial hearing, Parra's counsel claimed that the judge just told him to appear in the courtroom and was unaware that the jury

sent out a note. After receiving this admonishment, the jury informed the judge that they wished to continue deliberating. Thirty minutes later, the jury returned its punishment verdict.

Parra's first allegation is that trial counsel was ineffective for failing to object to the trial judge's response to the jury note on the grounds that it was coercive and given in violation of Article 36.27. With regard to claims of ineffective assistance of counsel, an applicant is required to show by a preponderance of the evidence (1) that trial counsel was deficient and (2) that there is a reasonable probability that, but for counsel's deficient performance, the outcome at trial would have been different.[3] In order to succeed with an ineffective-assistance-of-counsel claim based on counsel's failure to object, one "must show that the trial judge would have committed error in overruling such objection."[4]

## A. Coercive Instruction and the Deprivation of a Fair Trial

Parra alleges that the judge's response to the jury's note was coercive and deprived him his right to a fair and impartial jury. Parra contends "the trial court threatened to place the entire jury in jail unless they continued to deliberate to reach a verdict." We disagree with Parra's reading of the judge's admonishment. The jury's note indicated that two named jurors were threatening to leave the deliberations and wanted to talk to the judge about the consequences of doing so. From the note's language, it was reasonable to interpret that these

---

[3] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999).

[4] *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

two jurors were threatening to abandon their obligations as jurors and jeopardized the judicial process.

Provided subject-matter jurisdiction is properly invoked, a trial judge's inherent power includes broad discretion over the conduct of its proceedings.[5] A necessary component of this broad discretion is the ability to find those in contempt whose "conduct tends to bring the authority and administration of the law into disrespect or disregard, interferes with or prejudices parties or their witnesses during a litigation, or otherwise tends to impede, embarrass, or obstruct the court in discharge of its duties."[6] The judge's response answered, albeit assertively, the question the two jurors threatening to leave had—what are the consequences of leaving?—by telling the two jurors that he would, in essence, hold them in contempt, confine them, and bring them to court the following day to deliberate further with their peers. Contrary to Parra's claim, the judge's response was tailored to the two jurors, not the entire jury. The judge's indication that the offending jurors would rejoin their peers the following day after their stay in the county jail indicates that the remaining jurors were not being threatened with similar treatment.

Additionally, the trial judge's response was unrelated to the jurors' ability to reach a verdict, despite Parra's allegations to the contrary. The judge made no mention of a verdict

---

[5] *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex. Crim. App. 2003).

[6] *Ex parte Krupps*, 713 S.W.2d 144, 149 (Tex. Crim. App. 1986) (quoting *Ex parte Norton*, 191 S.W.2d 713, 714 (Tex. 1946). *See* TEX. GOV'T CODE § 21.002(a) ("Except as provided by Subsection (g), a court may punish for contempt."); *In re Reece*, 341 S.W.3d 360, 366-67 (Tex. 2011).

at all, nor suggested what the verdict should be. The judge reasonably interpreted the note to mean that the problem the jurors had encountered was related to threats by two jurors to walk out, not an inability to reach a verdict due to holdouts. The judge's admonishment simply informed the jury of his unwillingness to tolerate jurors threatening to impede the judicial process.

Further, the timing of the jury's verdict alone is an insufficient basis to find the admonishment coercive.[7] In his brief, Parra's claims that the jury returned a verdict thirty minutes after the admonishment. All the record indicates is that thirty minutes elapsed from the jury's note informing the judge that they wished to deliberate after the admonishment and the note stating that the jury reached a verdict. This reveals very little about whether the admonishment affected the jury's deliberations, and, if so, the manner of its effect.

Given the nature of the neutral and appropriate, albeit strongly worded, response, we find that the judge's admonishment was not coercive nor did it deprive Parra of a fair trial. Because the judge would not have committed error in overruling an objection on that basis, Parra is unable to establish that counsel was deficient for failing to assert these objections.[8]

## B. Article 36.27 Violation

Parra also claims counsel was ineffective by failing to object to the judge's response on the grounds that it was given in violation of Texas Code of Criminal Procedures Article

---

[7] *See Montoya v. State*, 810 S.W.2d 160, 166-67 (Tex. Crim. App. 1989).

[8] *See Martinez*, 330 S.W.3d at 901.

36.27. Among its provisions, Article 36.27 provides that, upon receiving a jury note, a trial judge must use reasonable diligence to secure the attendance of the defendant and his counsel, inform them of the note's contents, and submit his proposed response before giving his answer to the jury.[9] At the motion-for-new-trial hearing, counsel testified that, when the note was received, the judge summoned him to the courtroom without explaining why and did not show him the jury's note until after the judge responded to the jury. The record is unclear whether Parra's counsel was given notice of the jury's note's existence before the judge addressed the jury. But the record is clear that counsel never objected to the judge's admonishment.

Even if we were to assume that the judge violated Article 36.27, Parra's trial counsel had an opportunity to object under Article 36.27, and reasonable professional judgment required him to do so, Parra fails to show that the judge's violation of Article 36.27 prejudiced him. Article 36.27's requirement that a trial judge notify a defendant, if possible, of a jury's questions and of the judge's proposed answers is meant to provide the defendant with an opportunity to be heard and urge objections, if any, to such answers.[10] Had counsel objected to the violation of Article 36.27 and been given an opportunity to "craft[] a more subtle message," as Parra claims, it is not reasonably probable that the outcome of the proceeding would be different. As we stated in finding that the judge's admonishment was

---

[9] TEX. CODE CRIM. PROC. art. 36.27.

[10] *Word v. State*, 206 S.W.3d 646, 650 (Tex. Crim. App. 2006).

not coercive nor did it deprive Parra of a fair trial, the admonishment was a reasonable response and exercise of his authority to control the court's judicial proceedings. Because Parra was not initially harmed by the judge's admonishment, he is unable to establish that, had his counsel objected and crafted a more "subtle message," it is reasonably probable that the jury would not have assessed a life sentence and a one-dollar fine. Accordingly, this basis for Parra's ineffective-assistance-of-counsel claim must fail for lack of demonstrated prejudice.

## II. Failing to Properly Voir Dire Juror M.M.

Parra's second basis of his ineffective-assistance claim alleges that trial counsel was ineffective for failing to adequately voir dire the venire panel, specifically juror M.M., so as to discover that she was a victim of both domestic abuse and sexual assault of a child. Had this information been elicited from venire member M.M., Parra asserts, counsel could have challenged M.M. for cause or struck M.M. with a peremptory challenge. M.M. was seated as a juror. Parra alleges that counsel's deficient performance in voir dire resulted in the seating of a potentially biased juror and ultimately deprived him of a fair trial. According to M.M.'s jury questionnaire, she indicated that she was never a victim of a crime. In support of his motion for new trial which alleged juror misconduct, Parra attached two exhibits that purportedly contradict M.M.'s answer: (1) an affidavit by another juror contending that M.M. claimed during deliberations to have been sexually abused by her father as a child, and (2) an application for a protective order filed by a person with the same name as juror M.M.

Texas Rule of Evidence 606(b) prohibits us from considering juror testimony as to anything that occurred during deliberations, except in instances of determining outside influence and claims regarding juror qualifications.[11] Parra does not challenge M.M.'s qualifications as a juror, and recently, this Court explained that a juror's personal experiences do not constitute "outside influence" for the purposes of a Rule 606(b) inquiry.[12] As a result, we will not consider the juror affidavit as evidence that M.M. was a victim of sexual assault of a child.

The 1996 application for a protective order filed in an El Paso district court alleged that an individual with the same name as juror M.M. was repeatedly assaulted by her former husband. Juror M.M. did not testify in the motion-for-new-trial hearing. As the habeas judge concluded, the evidence admitted in the hearing does not affirmatively establish that the M.M. who applied for the protective order is the same M.M. who served on the jury. And the habeas judge so concluded. A review of the application and jury questionnaire strongly suggests that they are the same person. Assuming, without deciding, that juror M.M. applied

---

[11] TEX. R. EVID. 606(b) ("Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.")

[12] *McQuarrie v. State*, 380 S.W.3d 145, 153 (Tex. Crim. App. 2012).

for a protective order twelve years before Parra's trial, the protective-order application alone does not prove the truth of the abuse allegations or that she was an abuse victim.

Even if juror M.M. was in fact a crime victim, it does not follow that she was biased as a matter of law against Parra and that seating M.M. on the jury denied Parra a right to a fair trial. The record suggests otherwise. During the State's voir dire, the judge intervened and asked the jury the following question:

> The issue is this. How many of you, because of any personal happenings to you, family members or loved ones or close ones, could not be fair in this type of case, not having heard one bit of evidence so far; and who would already go into the jury box, and say, "Regardless of what the evidence is, based on what's happened in my life or the people that I know and love, I am not going to be fair to either the State of Texas or the person, in this case, that's been accused of this, regardless of what the evidence is, regardless if the evidence shows that he is not guilty beyond a reasonable doubt, regardless if the evidence shows he is guilty beyond a reasonable doubt[?]"

> Those are the people, under that situation, for those of you who would not be fair because of this type of case, I need you to stand up now.

The record reflects that, following this directive, M.M. was not among the individuals who stood to indicate their inability to be fair in this case. Similarly, the defense counsel asked the following: "So . . . Let's go back to what they asked you. Your heart-to-heart answer. Can you really sit, fairly and impartially, unbiased, on an aggravated sexual assault case involving a child?" Counsel then proceeded row by row, asking anyone who could not be fair and impartial to stand. Once again, the record reflects that M.M. remained seated.

Regardless of whether M.M. truly was a crime victim, viewed from the perspective that counsel should have discovered in voir dire that M.M. filed a protective-order

application and the failure to do so denied Parra the opportunity to lodge a for-cause and peremptory challenge against M.M., Parra's argument fails to establish prejudice. *Strickland* requires the applicant to establish, by a preponderance of the evidence, that the harm resulting from trial counsel's deficiency undermines the confidence in the trial's outcome.[13] In his writ application and its attached memorandum in support and brief to this Court, Parra does nothing more than state that "Applicant demonstrates that he has suffered prejudice." Parra's conclusory assertion does not demonstrate that he was prejudiced by counsel's allegedly deficient performance in voir dire.

Finding no ineffective assistance of counsel, we deny relief.

DELIVERED: September 18, 2013

PUBLISH

---

[13] *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013).