**Opinion filed June 5, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00072-CR
_____

## JACK WILLIAM WALKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 29997-A**

## M E M O R A N D U M   O P I N I O N

Appellant, Jack William Walker, entered an "open plea" of guilty to the state jail felony offense of evading arrest or detention. *See* TEX. PENAL CODE ANN. § 38.04(b)(1) (West Supp 2024). The trial court admonished Appellant, accepted his plea, and, after a punishment hearing, sentenced him to confinement for twenty-

two months in the State Jail Division of the Texas Department of Criminal Justice (TDCJ).  On appeal, Appellant contends in a single issue that his plea was not knowingly and voluntarily made because his trial counsel was ineffective.  We affirm.

## I. *Factual and Procedural History*

The evading offense for which Appellant was indicted was enhanced by a prior evading conviction and two prior convictions for possession of methamphetamine.  Rather than proceeding to trial before a jury, and after the State abandoned the enhancement allegations (which reduced the charged offense to a state jail felony), Appellant waived his right to a jury trial and elected to enter an "open plea" of guilty.

At Appellant's plea hearing, the trial court thoroughly admonished Appellant and reviewed with Appellant the documents that Appellant and his trial counsel had signed before the plea hearing commenced, namely: (1) the written plea admonishments—which included, among other things, statements that Appellant was "totally satisfied with the representation given to [him] by [his] attorney" and that his "attorney provided [him] fully effective and competent representation"—and (2) Appellant's judicial confession.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2024).  In response to the trial court's admonitions, Appellant affirmatively stated, and his trial counsel confirmed, that Appellant was competent, that his plea was made knowingly, voluntarily, and free of coercion, and that he understood the consequences of entering an open plea.  The trial court thereafter accepted Appellant's plea, found Appellant guilty of the charged offense, ordered the preparation of a presentence investigation report (PSI), and, after a subsequent punishment hearing, sentenced Appellant to twenty-two months confinement in TDCJ.

On appeal, Appellant now contends that his plea was not knowingly and voluntarily made because his trial counsel failed to advise him of the options available to him and in turn coerced him into pleading guilty. According to Appellant, his counsel's failures and conduct are tantamount to ineffective assistance of counsel.

## II. *Standard of Review*

### A. *Voluntariness of Guilty Plea*

A guilty plea must be knowingly and voluntarily made to be constitutionally valid. *Bousley v. United States*, 523 U.S. 614, 618 (1998). When the record shows, as it does here, that the trial court properly admonished the defendant before accepting the defendant's plea, this constitutes a prima facie showing that the plea was made knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); *see* CRIM. PROC. art. 26.13. The burden then shifts to the defendant to establish that he entered his plea without an understanding of the consequences. *Martinez*, 981 S.W.2d at 197 (citing *Gibauitch*, 688 S.W.2d at 871). This is a heavy burden, especially when the defendant acknowledges during his plea hearing, as Appellant did in this instance, that his plea is made knowingly and voluntarily and that he understands the consequences of pleading guilty. *Coronado v. State*, 25 S.W.3d 806, 809 (Tex. App.—Waco 2000, pet. ref'd).

On the other hand, a guilty plea that is made as the result of ineffective assistance of counsel is not knowingly or voluntarily made and is, therefore, invalid, because it does not constitute an informed choice. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012); *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). Thus, a defendant's decision to plead guilty, if based upon the erroneous advice of counsel, is not made knowingly and

voluntarily. *See Moussazadeh*, 361 S.W.3d at 689 (citing *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991)).

B. *Ineffective Assistance of Counsel*

When a defendant pleads guilty as a result of relying on the advice of his trial counsel, and then subsequently challenges the voluntariness of his plea on the basis of ineffective assistance of counsel, the voluntariness of his plea will be measured by whether (1) counsel's advice was within the range of competence demanded of attorneys who litigate criminal cases and, if not, (2) there is a reasonable probability that, but for counsel's erroneous advice, the defendant would not have pleaded guilty and instead would have insisted on proceeding to trial. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010); *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999).

Our review of Appellant's complaint of ineffective assistance of counsel is governed by the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* standard encompasses two elements that an appellant must establish to prevail: (1) deficient performance and (2) prejudice. *Id.* at 687. The failure to succeed on either *Strickland* prong is fatal to the claim of ineffectiveness. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Under the first prong, deficient performance, counsel will be deemed deficient if his performance and representation falls below an objective standard of reasonableness under the prevailing professional norms, considering the facts of the case when viewed from counsel's perspective at the time of representation. *Strickland*, 466 U.S. at 687–88. In undertaking this analysis, we must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689.

There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*; *Isham v. State*, 258 S.W.3d 244,

4

250 (Tex. App.—Eastland 2008, pet. ref'd). To overcome this deferential presumption, a claim of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Walker v. State*, 406 S.W.3d 590, 593–94 (Tex. App.—Eastland 2013, pet. ref'd). In this regard, we will not inquire into counsel's trial strategy unless no possible basis exists to support such strategy or tactics. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981).

Counsel's deficient performance prejudices a defendant if "counsel's errors were so serious as to deprive the defendant of a fair trial." *Perez*, 310 S.W.3d at 893 (quoting *Strickland*, 466 U.S. at 687). As such, to satisfy the second prong, prejudice, the defendant must show that there is a reasonable probability that the outcome of the case would have been different but for counsel's unprofessional errors. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 694; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). The "reasonable probability" component of the prejudice prong must rise to a level such that it undermines the confidence in the outcome of the case. *Strickland*, 466 U.S. at 694; *Isham*, 258 S.W.3d at 250. In this analysis, "the prejudice prong turns on whether the deficiency made any difference [in] the outcome of the case." *Walker*, 406 S.W.3d at 599 (quoting *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012)). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result." *Id.* at 599.

Thus, in the context of a challenge to a plea of guilty, the focus of the prejudice inquiry is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process," and whether a defendant has shown that "but for

counsel's errors, he would not have pleaded guilty." *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

C. *Ineffective Assistance of Counsel Challenges on Direct Appeal*

In most instances, direct appeal is an inadequate vehicle by which to raise a complaint of ineffective assistance of counsel because the record is typically undeveloped and will not show the extent of counsel's conduct and alleged failures. *Goodspeed*, 187 S.W.3d at 392; *Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813–14. This is especially true when counsel's trial strategy does not appear in the record. *Goodspeed*, 187 S.W.3d at 392. In such circumstances, trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id.*; *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

When the record contains no direct evidence of counsel's reasons for the challenged conduct, counsel's performance must be reviewed with great deference and without resort to hindsight, and we "will assume that counsel had a [valid] strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). However, we will not speculate about counsel's motives or strategy in the face of a silent record. *Thompson*, 9 S.W.3d at 814. Therefore, if the record is silent as to any explanation for counsel's actions and alleged failures, as it is in this case, we "will not conclude [that] the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008); *Goodspeed*, 187 S.W.3d at 392; *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (The defendant must show that there was no plausible, professional reason for counsel's specific acts or omissions.).

III. *Analysis*

At the outset, we note that Appellant did not file a motion for new trial. Thus, Appellant's trial counsel did not have the opportunity to explain or defend his actions or trial strategy or respond to what Appellant now contends constitutes deficient performance. On a record that does not reveal counsel's reasoning, we "must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that [counsel] 'made all significant decisions in the exercise of reasonable professional judgment.'" *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992) (quoting *Strickland*, 466 U.S. at 690); *see Morales*, 253 S.W.3d at 697; *Screws v. State*, 630 S.W.3d 158, 164–65 (Tex. App.—Eastland 2020, no pet.).

As we have said, the alleged ineffectiveness must be firmly founded in the record. Here, Appellant's bare assertions are not. Instead, Appellant's allegations of deficient performance and prejudice are based solely on conclusory and unsupported statements that are set forth in his appellate brief, and not in the record before us. *See Thompson*, 9 S.W.3d at 814. Conclusory statements, whether they appear in the record or not, cannot support a claim of ineffective assistance of counsel. *See Ex parte Parra*, 420 S.W.3d 821, 828 (Tex. Crim. App. 2013); *Ruiz v. State*, 293 S.W.3d 685, 693 (Tex. App.—San Antonio 2009, pet. ref'd).

Despite this, Appellant maintains that his plea was not knowingly and voluntarily made because he received questionable advice from his trial counsel, namely that his trial counsel did not (1) explain the basis of the State's allegations in the indictment, (2) explain the options that were available to Appellant (including the option to proceed to trial or enter an open plea to the trial court without an agreement), or (3) permit Appellant to freely choose which option he preferred. However, the record is devoid of *any* evidence that supports Appellant's global and

conclusory assertions. Rather, the record affirmatively shows that Appellant's plea was knowingly and voluntarily made after he consulted with his trial counsel—and that he made an informed choice to plead guilty. *See Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013) (due process requires that the record affirmatively show that a defendant entered a knowing and voluntary plea of guilty with an understanding of the consequences); *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986) (the voluntariness of a guilty plea is reviewed based on the totality of circumstances and the entire record).

Further, there is no evidence that Appellant was coerced or induced by his trial counsel into pleading guilty. To the contrary, Appellant's responses to the trial court's admonitions during the plea hearing, and his acknowledgments in the written plea admonishments and his judicial confession, affirmatively show that Appellant: (1) understood the nature of the proceedings, the charge pending against him, and the consequences of pleading guilty; (2) was pleading guilty knowingly, voluntarily, and free of any coercion; and (3) had conferred with his trial counsel before electing to waive his right to a trial by jury and enter an open plea of guilty. Moreover, Appellant also acknowledged that he was completely satisfied with the representation that he received from his trial counsel.

We conclude that the record does not support Appellant's claim of ineffectiveness. To prevail, Appellant was required to satisfy the "heavy burden" of demonstrating that, but for counsel's deficient performance, there is a reasonable probability that the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812; *Walker*, 406 S.W.3d at 599. He failed to do so.

Accordingly, we overrule Appellant's sole issue on appeal.

IV.  *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


June 5, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.